UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | NO. SA-11-CR-516(3)-XR |
| MEHRDAD ANSARI | § § | |

**OPPOSED MOTION TO RELEASE DEFENDANT TO HOUSE ARREST**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MEHRDAD ANSARI, one of the Defendants in the above styled and numbered cause, and respectfully moves this Honorable Court to release the Defendant from the Karnes County Detention Facility (KCDF) and instead place the Defendant under house arrest, and as grounds therefor would show the Court as follows:

I.

Earlier this month, KCDF had twenty-one detainees test positive for COVID-19. According to his doctor, the Defendant is thirty-nine years old and suffers from a sinus condition that makes him a high risk individual regarding COVID-19. During the detention hearing, the government stated the Defendant is an Iranian citizen who has been in custody in this case for approximately thirteen months beginning when he was arrested in the Republic of Georgia and extradited to the United States. Unknown to the Defendant, he was indicted on June 15, 2011 for Conspiracy to Violate the International Emergency Economic Powers Act and the Iranian Transactions Regulations, Conspiracy to Commit Wire Fraud, Conspiracy to Commit Money Laundering, Conspiracy to Defraud the United States, and Making Use of False Writing and Aiding and Abetting. (Doc 3). At the detention hearing, the government informed the court that the Defendant, if released, would be taken into ICE custody because an ICE detainer had been issued for the Defendant even though the Defendant did not illegally enter the United States. Undersigned counsel conferred with a board certified immigration attorney who stated that ICE has the authority to take the Defendant into

custody but that ICE would probably follow the advice of the U.S. Attorney's Office (USAO) and, if the USAO recommended release, ICE may allow the release by issuing the Defendant a public interest parole.

II.

According to the pretrial services report, the Defendant has been confined at the KCDF since approximately March 16, 2020 when he attended his initial appearance before the federal magistrate judge. The Defendant is concerned that he is a high risk individual regarding COVID-19 while confined at KCDF. The Defendant respectfully requests the Court release him from the KCDF and instead place the Defendant under house arrest in Reston, Virginia with his aunt, MM, whose information was provided to pretrial services at the detention hearing.

III.

As of today, COVID-19 has infected over 19.9 million people worldwide leading to 732,000 deaths. https://www.google.com/search?client=firefox-b-1-d&q=covid-19+infections+as+of+today. Since March 11, 2020, the World Health Organization officially classified COVID-19 as a pandemic. https://bit.ly/2W8dwpS. The CDC has issued guidance that individuals at higher risk of contracting COVID-19 take immediate preventative actions, including avoiding crowded areas and staying home when possible. https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html. Conditions of pretrial confinement create an environment for the transmission of contagious disease. Inmates cycle in and out of detention facilities along with people who work in the facilities, including correctional officers and care and service providers, who leave and return daily. Incarcerated people have poorer health than the general population, and even at the best of times, medical care is limited. Many people who are incarcerated have chronic conditions, like diabetes or

HIV, which makes them vulnerable to COVID-19. Detention facilities are not equipped to deal with COVID-19. https://www.thelancet.com/journals/lancet/article/PIIS0140-6736(20)30984-3/fulltext. According to public health experts, incarcerated individuals "are at special risk of infection, given their living situations," and "may also be less able to participate in proactive measures to keep themselves safe;" "infection control is challenging in these settings." https://bit.ly/2TNcNZY. As of May 15, 2020, the CDC was extremely concerned with COVID-19 in detention facilities:

> Among 37 jurisdictions reporting, 32 (86%) reported at least one confirmed COVID-19 case among incarcerated or detained persons or staff members, across 420 correctional and detention facilities. As of April 21, 2020, 4,893 cases and 88 deaths among incarcerated and detained persons and 2,778 cases and 15 deaths among staff members have been reported.

https://www.cdc.gov/mmwr/volumes/69/wr/mm6919e1.htm.

A "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). COVID-19 is a compelling reason given the Defendant's unique circumstances and health. Additionally, the Defendant has no prior criminal record and has never attempted to flee from a jurisdiction. The Defendant has an aunt with whom he may reside under house arrest pending trial. The Defendant is not a danger to the community. The Court should place the Defendant under house arrest with his aunt.

IV.

Counsel conferred with counsel for the government, Mark Roomberg, who stated he is opposed to this motion.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully this Court release the Defendant from the Karnes County Detention Facility and instead place the Defendant under house arrest with the Defendant's aunt in Reston, Virginia.

>Respectfully submitted,
>
>GROSS & ESPARZA, P.L.L.C.
>
>/s/ Michael C. Gross
>Michael C. Gross
>State Bar No. 08534480
>1524 North Alamo Street
>San Antonio, Texas 78215
>(210) 354-1919
>(210) 354-1920 (Fax)
>
>Attorney for the Defendant,
>MEHRDAD ANSARI

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to Mark Roomberg, Assistant United States Attorney, and I certify that there are no non-CM/ECF participants.

>/s/ Michael C. Gross

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **V.** | § § | **NO. SA-11-CR-516(3)-XR** |
| **MEHRDAD ANSARI** | § | |

### ORDER

The Defendant's Opposed Motion to Release the Defendant to House Arrest is hereby:

_____ GRANTED   and the Defendant is ordered released from the Karnes County Detention Facility and ordered to be placed in house arrest pending sentencing.

_____ DENIED

SIGNED THIS _____ day of _____, 2020.

_____
JUDGE PRESIDING