UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NO. SA-11-CR-516-XR |
| MEHRDAD ANSARI (3), | § § | |
| Defendant. | § § § | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S OPPOSED MOTION TO RELEASE DEFENDANT TO HOUSE ARREST

The United States of America, by and through its undersigned Assistant United States Attorneys, hereby files its Response to Defendant's Opposed Motion to Release Defendant to House Arrest, and states:

### Factual Background

On June 15, 2011, the grand jury sitting in San Antonio returned a seven-count sealed indictment against the defendant, Susan Yip, and Mehrdad Foomanie. The indictment charges the following offenses: Count One, Conspiracy to Violate the International Emergency Economic Powers Act and the Iranian Transaction Regulations in violation of 50 United States Code ("U.S.C.") § 1705(b), 22 U.S.C. § 8512, and 31 Code of Federal Regulations ("CFR") § 560;   Count Two, Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 371 and 1343; Counts Three and Five, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(2)(A); Count Four, Conspiracy to Defraud the United States in violation of

18 U.S.C. § 371; and, Counts Six and Seven, Making Use of False Writing in violation of 18 U.S.C. § 1001.

On October 12, 2017, a Diffusion Notice was requested by the Department of Justice-Washington of Interpol; on December 10, 2017, Interpol transmitted the request. On June 14, 2019, Interpol-Washington received a notice from the Republic of Georgia on the U.S. Diffusion, or informal notice, for the defendant. On June 16, 2019, the Republic of Georgia arrested the defendant based on the U.S. Diffusion. The defendant fought extradition to the United States. The defendant was extradited from the Republic of Georgia to San Antonio on May 14, 2020.

An ICE detainer was put in place on March 18, 2020.

## Argument

### I. The defendant was and remains a risk of flight.

The defendant is a citizen of Iran, where his family is located. The defendant also maintains lawful residency in Germany, where his wife and children reside, and in the United Arab Emirates (UAE) where his international shipping business is located. His only familial tie in the US is an aunt in Northern Virginia. The defendant travels internationally frequently. He briefly visited the United States once in 2012.

The defendant fought extradition for nine months. He was paroled into the country solely for the purposes of facing the instant charges. An ICE detainer was lodged March 18, 2020; if the defendant is released, he would immediately be put into ICE custody. In his motion, defense counsel concedes this latter point stating "he conferred with a board certified immigration attorney who stated that ICE has the authority to take the Defendant into custody…." In this

same sentence, the defendant bases his argument for release on two events that will not and/or cannot occur when he states "but that ICE would probably follow the advice of the U.S. Attorney's Office (USAO) and, if the USAO recommended release, ICE may allow the release by issuing the Defendant a public interest parole."

First, for the reasons stated above, the Government moved for detention and argued for detention before the Court. After an extensive hearing, the magistrate judge agreed that there were no conditions that would prevent the defendant being a risk of flight. Circumstances that made the Defendant a risk of flight have not changed. The Government would never recommend to ICE that the Defendant would be released; to the contrary, the Government would tell ICE it opposes any release. Second, the Defendant's premise is incorrect in that, as the HSI co-case agent has reminded the undersigned Assistant U.S. Attorney, a public interest parole is reserved for witnesses and cooperators that the Government sponsors. Therefore, the Defendant is not eligible for a public interest parole. The Defendant has no lawful status in the United States outside of custody.

## II.  The Defendant Does Not Have a Medical Condition that the CDC Recognizes as Putting Him at Greater Risk of COVID.

The Government does not dispute that the COVID pandemic is a serious issue both locally, nationally, and internationally.[1] The unverified sinus condition Defendant claims does not fall into a high risk category as set forth by the Center for Disease Control.[2] Furthermore, the

---

1 https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html
2 https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html

Defendant does not and cannot offer evidence that he is any safer flying across the country and living in his aunt's home.

### **Strength of the Government's Case**

At the detention hearing, the Court heard facts detailing the strength of the Government's case including:

1. The Government's exhibits showing emails sent under the Defendant's name demonstrating his knowledge and active participation in violating U.S. export laws regarding shipment of American goods to Iran and his leadership role in directing his co-conspirator to lie to the Commerce agent;

2. The Defendant's exhibits showing many of the same emails that were in the Defendant's possession independently of any government discovery;

Since that time, further evidence has been developed "putting the Defendant behind the keyboard," including:

1. A journal seized by Georgian authorities from the Defendant's jail cell discussing his participation in the charged transaction;

2. Non-privileged jail calls from the WDTX the Defendant made to a friend where he admits his participation in the charged transaction;

3. Computer forensic evidence showing the computer used to send these emails came from a computer named "Mehrdad PC" with an email address mehrdadansari@gulfgatedxb.com sent from Dubai and containing a signature block with the Defendant's name, his business's name and phone number.

## CONCLUSION

For the above stated reasons, the Defendant still remains a serious risk of flight for which no conditions can be set to assure his appearance before the Court pursuant to 18 U.S.C. § 3142. The United States respectfully submits to this honorable Court that the Defendant's Opposed Motion to Release Defendant to House Arrest should be denied.

Respectfully submitted,

JOHN F. BASH
United States Attorney

By:  /s/
MARK T. ROOMBERG
Assistant United States Attorney
State Bar No. 24062266


/s/
WILLIAM R. HARRIS
Assistant United States Attorney
Ohio Bar No. 0017818

601 N.W. Loop 410, Suite 600
San Antonio, Texas   78216
Tel: (210) 384-7150


## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August 2020, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Michael Gross, Esquire

/s/
MARK T. ROOMBERG

5

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § § | |
| **Plaintiff,** | | |
| v. | § § § | **CRIMINAL NO. SA-11-CR-516-XR** |
| **MEHRDAD ANSARI (3),** | § § § | |
| **Defendant.** | § | |

## ORDER

This matter having come before the Court on the Defendant's Opposed Motion to Release Defendant to House Arrest, and the Court having received the Government's Response thereto, and the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that the Defendant's Opposed Motion to Release Defendant to House Arrest be in all things DENIED.

IT IS SO ORDERED.

SIGNED AND ENTERED this _____ day of _____, 2020.

_____
JUDGE PRESIDING