UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> MEHRDAD ANSARI | CRIMINAL NO. SA 11 CR 516 (3) XR |

**GOVERNMENT'S OMNIBUS MOTION *IN LIMINE***

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

The United States moves the Court *in limine* to order counsel for the Defendant, and through such counsel any and all defense witnesses, to refrain from making any mention or interrogation, directly or indirectly in any manner whatsoever, concerning the matters set forth below, without first approaching the bench and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause during the trial or during arguments in regard to any alleged theory of admissibility of such matters or during final argument of the trial.

Introduction

"Relevant evidence," as defined by the Federal Rules of Evidence "means evidence having any tendency to make the existence of any fact **that is of consequence to the determination of the action** more probable or less probable than it would be without the evidence." (Emphasis added). Fed.R.Evid. 401. "Evidence which is not relevant is not admissible." Fed.R.Evid. 402.

Relevant evidence is excludable under Federal Rule of Evidence 403 "**if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues,**

**or misleading the jury**, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (Emphasis added). <u>See</u>, Fed.R.Evid. 404, Judiciary Committee Notes, Senate Report No. 93-1277; <u>Huddleston v. United States</u>, 485 U.S. 681, 688 (1988).

The Requested Exclusions

**a. Pretrial Rulings**: The United States requests that Defendant's Counsel be prohibited from divulging the contents of, or rulings on, any motions filed by either the Defendant or the Government pretrial. FED. R. EVID. 401, 402, 403.

**b.  Discussions With Counsel**: The United States requests that Defendant's Counsel be prohibited from divulging or eliciting testimony regarding discussions with, advice received, or actions by attorneys consulted by Defendant. FED. R. EVID. 401, 402, 403.

**c. Plea Negotiations**:  The United States requests that Defendant's Counsel be strictly prohibited from stating and eliciting in any manner, from any witness, any plea arrangement discussions, pretrial conferences, or any related statements, between the Government and the Defendant or his counsel in this case, in that such information is not relevant evidence in connection with the resolution of any issues in this case. FED. R. EVID. 401, 402, 410; <u>see also</u> <u>United States v. Verdoon</u>, 528 F.2d 103, 107 (8th Cir. 1976) (Government plea proposals should be excluded from evidence because meaningful dialogue would be impossible if either party were forced to assume the risk that its plea offers might be admissible).

**d.  Sentencing Issues**: The United States requests the Defendant's Counsel be strictly prohibited from stating and eliciting in any manner, from any witness, any reference to the punishment the Defendant would receive if convicted.  The Fifth Circuit Pattern Jury Instructions, 1.20 (2012) provide as follows:

> If a Defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

Court of Appeals case law is equally clear on this point. "It is error to tell the jury about the consequences of a certain verdict even if they are mandatory." *United States v. McCracken*, 488 F.2d 406, 425 (5th Cir. 1974).

    **e.  Defense Exhibits**: The United States requests the Defendant's Counsel be prohibited in opening statement or at trial from commenting on any defense exhibits that have not previously been supplied to counsel for the Government, and if so produced, not until the Government has been made aware of the Defense's intent to show such evidence to the jury before voir dire.

    **f.  Testimony only through Defendant**: The United States requests that Defendant's Counsel be prohibited from alluding to information or facts either in opening statements or in questions to witnesses which could only come to the jury's attention through the sworn testimony of the Defendant unless counsel for the Defendant informs the Court that the Defendant will in fact testify.

    **g.  Defendant's statements being elicited by the defense:**  The United States requests that the Defendant's Counsel be prohibited from eliciting statements made by the Defendant.  The United States intends to introduce against the Defendant any statement he may have made to other witnesses, media, or law enforcement.  These admissions are admissible if introduced by the United States as admissions against a party-opponent under Fed.R.Evid. 801(d)(2).  However, this exception is not available to the defense.  The United States anticipates that the defense counsel may attempt to introduce his client's own statements through law enforcement and/or civilian witnesses.  These statements would be hearsay pursuant to Rule 802 of the Federal Rules of Evidence. As stated by the Fifth Circuit in *United States v. Sanjar,* when the defendant seeks to

introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible. 853 F.3d 190, 204 (5th Cir. 2017).[1]

The United States anticipates the defense may potentially attempt to elicit hearsay testimony in at least two situations. First, the Defendant may call a witness to testify as to information provided to that witness by the Defendant. Second, the Defendant may attempt to elicit hearsay through documents such as transcripts of testimony at other hearings. The defense should be prohibited from introducing such hearsay statements.

The Defendant is prohibited from introducing his own statements through any witness if those statements are offered for truth of the matter asserted. This includes situations where the Defendant's statements are elicited by the government through law enforcement officers or other witnesses. This would not open the door for the defense to elicit other statements of the Defendant. Because they would constitute hearsay, the defense should be precluded by eliciting any statements of the Defendant from any law enforcement officer, any lay witness, any transcript, or any recording.

**h.  Statements Relating to the Emotional, Financial, or Health Status of the Defendant or any of the Defendant's Family**: The United States requests the Defendant's

---

[1] Anticipating potential defense arguments that the rule of completeness would apply to prior recorded statements of a codefendant, the "common law rule of completeness, which is just a corollary of the principle that relevant evidence is generally admissible, does provide a right to cross examine" … only when the additional inquiry is needed to "explain, vary, or contradict" the testimony already given." *Sanjar*, 853 F.3d at 204 (*citations omitted*). In *United States v. Garcia*, the Fifth Circuit stated

> Rule 106 provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." The rule's purpose is "to permit the contemporaneous introduction of recorded statements that place in context other writings admitted into evidence which, viewed alone, may be misleading."

530 F.3d 348, 351 (5th Cir. 2008)(*footnotes omitted)*.

Counsel be strictly prohibited from stating and eliciting in any manner, from any witness, the emotional, financial or health status of the Defendant or members of the Defendant's family. The conditions of the Defendant or family members are irrelevant in the trial of this case and Counsel should be cautioned to avoid eliciting responses that touch or bear on the aforementioned matters. FED. R. EVID. 401, 402.

The Pattern Jury Instructions for the Fifth Circuit states that the jury should be given the following instruction:

> It is also your duty to base your verdict solely upon the evidence, **without prejudice or sympathy**. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

(Emphasis added). Pattern Jury Instruction, Criminal-Fifth Circuit (2015).

**i. Personal history and experiences of counsel:** The United States requests that Defendant's Counsel be prohibited from telling the jury his personal history and affiliations. The trial is about the facts. Personal histories and associations of counsel are not relevant and serve no purpose other than to attempt to influence the jury.

## Conclusion

WHEREFORE, the United States respectfully requests that this honorable Court grant the Government's Omnibus Motion in Limine and preclude the counsel for the Defendant, and through such counsel any and all witnesses, to refrain from making any mention or interrogation, either directly or indirectly, regarding the above-mentioned issues, without first approaching the bench and obtaining a ruling from the Court outside the presence and hearing of all prospective

jurors and jurors.

                                Respectfully Submitted,

                                ASHLEY C. HOFF
                                UNITED STATES ATTORNEY

By:   /s/_____
       MARK T. ROOMBERG
       Assistant United States Attorney
       State Bar No. 24062266
       601 NW Loop 410, Suite 600
       San Antonio, Texas 78216
       (210) 384-7100
       mark.roomberg@usdoj.gov

       _____/s/_____
       WILLIAM R. HARRIS
       Assistant United States Attorney
       Ohio State Bar No. 0017818
       601 N.W. Loop 410, Suite 600
       San Antonio, Texas 78216-5597
       (210) 384-7100
       Bill.harris@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of this Motion *In Limine* will be served by the ECF/CM system on all counsel of record this 30th day of April 2021.

       _____/s/_____
       WILLIAM R. HARRIS
       Assistant United States Attorney

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. SA 11 CR 516 (3) XR |
| MEHRDAD ANSARI | |

**O R D E R**

This matter having come before the Court on the Government's Omnibus Motion in Limine, and the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that Government's Omnibus Motion in Limine be in all things GRANTED. Defense counsel, and through such counsel any and all witnesses, must refrain from making any mention or interrogation, either directly or indirectly, regarding the issues raised in the Government's Omnibus Motion in Limine, without first approaching the bench and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors.

IT IS SO ORDERED.

SIGNED and ENTERED this _____ day of _____ 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE